### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
### CENTRAL DIVISION

| | |
|---|---|
| **THOMAS M. BURTON**, <br><br> **Plaintiff,** <br><br> v. <br><br> **UTAH SUPREME COURT, UTAH SECOND DISTRICT COURT and UTAH STATE BAR,** <br><br> **Defendants.** | REPORT AND RECOMMENDATION <br><br> Case No. 2:23-cv-00671 <br><br> District Judge Bruce S. Jenkins <br><br> Magistrate Judge Dustin B. Pead |

Plaintiff Thomas M. Burton ("Plaintiff") commenced this action on September 26, 2023 by filing a complaint with the court against Defendants Utah Supreme Court, Utah Second District Court and the Utah State Bar ("Defendants").[1] Along with the complaint, Plaintiff submitted an application to proceed *in forma pauperis* ("IFP").[2] The matter is currently before the court on Plaintiff's applications to proceed IFP.[3]

Magistrate judges have no authority to enter an order denying a motion to proceed without prepayment of fees because such a ruling is considered dispositive.[4] Instead, a

---

[1] ECF No. 2, Complaint Lodged.

[2] ECF No. 1, Motion for Leave to Proceed In Forma Pauperis.

[3] ECF No. 3; ECF No. 6.

[4] *Lister v. Dept. Of Treasury,* 408 F.3d 1309, 1311 (10th Cir. 2004); ("The Tenth Circuit has held that an order denying a motion to proceed without paying fees and costs brought under 28 U.S.C. § 1914 is dispositive under Fed. R. Civ. P. 72(b) and cannot be issued by a magistrate judge").

magistrate judge can issue only a Report and Recommendation.[5] Accordingly, the court issues the following Report and Recommendation denying Plaintiff's application to proceed IFP and concluding Plaintiff has sufficient income to pay the court's filing fee.

## **REPORT**

A civil action is commenced in federal district court "by filing a complaint."[6] The filing fee of $400.00 must also be paid at the time an action is commenced, unless a completed IFP application is submitted to the court demonstrating a financial inability to pay.[7] Civil actions brought IFP are governed by 28 U.S.C. § 1915.

Under section 1915, a non-incarcerated plaintiff can proceed without payment of fees if the court finds that the plaintiff is indigent.[8] Proceeding IFP in a civil case "is a privilege, not a right."[9] The decision to grant or deny IFP status under section 1915 lies within the "sound discretion of the trial court."[10] To succeed on a motion to proceed IFP, a plaintiff must show a financial inability to pay the required filing fee.[11]

Here, the court recommends denying Plaintiff's request to initiate this case without payment of fees. Specifically, Plaintiff's sworn IFP application presents an applicant who does

---

[5] *See* Fed. R. Civ. P. 72(b).

[6] Fed. R. Civ. P. 3.

[7] 28 U.S.C. §§ 1914(a), 1915(a).

[8] *Lister*, 408 F.3d at 1312.

[9] *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998).

[10] *Cabrera v. Horgas*, 173 F.3d 863, 863 (10th Cir. 1999).

[11] *Lister*, 408 F.3d at 1312; *see also United States v. Garcia*, 164 F. App'x 785, 786 n.1 (10th Cir. 2006).

not approach the level of poverty that would make Plaintiff eligible to proceed IFP. Specifically, Plaintiff indicates he and his spouse are employed with a net monthly income of $2,700.00 in addition to income received from retirement.

## **RECOMMENDATION**

Based on the information contained in Plaintiff's Motion to Proceed IFP, Plaintiff has not demonstrated a financial inability to pay the required filing fee and the court RECOMMENDS that the District Court DENY Plaintiff's applications to proceed IFP.[12] If the District Court adopts this recommendation, the undersigned FURTHER RECOMMENDS that Plaintiff be ordered to pay the filing and administrative fees to the Clerk of Court within fourteen (14) days of the District Court's adoption of the undersigned's recommendation, if Plaintiff wishes to proceed with this action; and that they be advised that a failure to do so will result in dismissal of the action without prejudice.

\* \* \*

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of the right to object.[13] The parties must file any objection to the Report and Recommendation within fourteen (14) days after being served with a copy of it.[14] Failure to object may constitute waiver of objections upon subsequent review.

---

[12] ECF No. 1.

[13] *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).

[14] *Id.*

DATED this 18th day of October, 2023.

BY THE COURT:

_____
Dustin B. Pead
United States Magistrate Judge